Nash, C. J.
 

 In this case there is no error. The witness Hoyt was incompetent to testify in favor of the plaintiff. The action, though in the name of Stevenson, is, in fact, the action of the Bank of Washington, of which he is the cashier. Notes discounted in bank are made payable, not to the bank as a corporation, but to their cashier; the object being to remove all difficulty as to venue in suing on them. Of the bank of Washington Mr. Hoyt was a corporator. It is the common learning in questions touching the competency of witnesses, that one who is interested in the subject-matter in dispute, is incompetent to sustain his interest. And it is a general rule, if the'effect of a witness’s testimony will be to create or increase a fund, in which he is, or may, be, entitled to share, he
 
 *14
 
 is not competent.
 
 Hudson
 
 v.
 
 Revitt,
 
 5 Bing. 368 ;
 
 Owens
 
 v.
 
 Collinson, 8
 
 Gill, and John. 25, and the numerous cases brought together by Cowan and Hill’s notes — note 108, page 116, part 1st. Here, the effect of Mr. Hoyt’s testimony was directly to increase the funds of the bank of Washington, by the amount sought to be recovered by his testimony. He was then increasing a fund in which he was entitled to participate.
 

 To this proposition it is replied, that a corporator
 
 ex necessitate
 
 must be admitted, or the bank would often be defrauded of its rights.
 

 General laws are made for the community at large, and not for particular individuals or bodies of men, and they are not to be turned aside to suit any private interests.
 

 The common law has established on this subject, a wide difference between a public and a private corporation. Of the former, are towns, counties, villages and others, formed for municipal purposes. The State itself is a municipal corporation. The individuals constituting such corporations, have always been admitted as witnesses for the corporation, (the witnesses having no individual interest and from absolute necessity). Refuse to admit them, and the wheels of government must stop. The State could collect no debt due to it where the debtor refused to pay; for the same interest which sets aside the witness, would disqualify him as a juror; for every citizen is a corporator. The doctrine is summed up by the Supreme Court of Ohio, in
 
 The Methodist Episcopal Church of Cincinnati
 
 v.
 
 Wood,
 
 5 Ham. 583. But if the corporation be for private purposes, as a bank, or turnpike company, one corporator is incompetent as a witness for his brother corporators.
 
 Eustice
 
 v. Pinkham, 1 New-Hampshire Rep. 275 ;
 
 Union Bank
 
 v. Rigeley, 1 Har. and Gill 324, 408. The whole doctrine was learnedly discussed in the case above referred to,
 
 (Meth. Epis.
 
 Church,
 
 &c.,
 
 v.
 
 Wood,)
 
 and the Court concluded as follows: “ Where corporations of a private nature, instituted for special purposes, and private emolument, such as banks, &c., bring suit, the interest of the
 
 *15
 
 corporators is cjjrect, and they are incompetent to testify in support ,of their claim.”
 

 Theye is no error, and judgment of nonsuit affirmed.
 

 Pee ' CueiaM. Judgment affirmed.